CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
JUN 13 2005
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| DEBRA MOORE, | ) | CASE NO. 4:04CV00062 |
| Plaintiff | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) | By: B. Waugh Crigler<br>U. S. Magistrate Judge |
| Defendant | ) | |

This challenge to a final decision of the Commissioner which denied plaintiff's claim of August 12, 2002, for a period of disability, disability insurance benefits and supplemental security income benefits under the Social Security Act (Act), as amended, 42 U.S.C.§§ 416, 423 and 1381 *et seq.*, is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand the case for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the court will RECOMMEND that an order enter REVERSING the Commissioner's final decision but REMANDING the case for further proceedings.

In a decision eventually adopted as a final decision of the Commissioner, an

1

Administrative Law Judge (Law Judge) found that plaintiff met the special earnings requirements of the Act through the date of the decision. (R. 21.) He also found that plaintiff had not been engaged in any gainful activity since the date of her alleged onset of disability. (*Id.*)

The Law Judge determined that plaintiff suffered neck pain which he found to be severe but not severe enough to meet or equal any listed impairment. (*Id.*) While he found that plaintiff's allegations regarding her limitations were not totally credible, the Law Judge determined that plaintiff was unable to perform her past relevant work as a developmental aide. (*Id.*) However, he was of the view that plaintiff possessed the residual functional capacity to perform sedentary work, entailing "approximately six hours of sitting and two hours of standing/walking during an eight-hour work day," as well as occasionally lifting ten pounds. (R. 20, 21.) Although noting that plaintiff's limitations could prevent her from performing the full range of sedentary work, the Law Judge, relying solely on the Medical-Vocational Guidelines ("grids") as to plaintiff's residual functional capacity, found that gainful jobs were available to the plaintiff in the economy and thus that plaintiff was not disabled under the Act. (*Id.*).

The Appeals Council determined there was no basis in the record to grant plaintiff's request for review. Therefore, it denied review and adopted the Law Judge's decision as a final decision of the Commissioner. (R. 6-8.) This action ensued.

In the instant case, plaintiff carried her initial burden in the sequential evaluation process by demonstrating the presence of severe impairments which prevented her from performing her past relevant work. (R. 21). Thus, the burden shifted to the Commissioner to demonstrate both the plaintiff's residual functional capacity and that gainful work was available to her in significant numbers in the national economy, considering the combined effects of the plaintiff's

maladies within the context of her age, education, skill level, and work experience. 20 C.F.R. §§ 404.1520(f)(1), 404.1545-1568 , 416.920(f)(1) and 416.945-968. If the Commissioner does not discharge her sequential burden, then the claimant is entitled to benefits on the *prima facie* case of disability. *Wilson v. Heckler*, 743 F.2d 218 (4th Cir. 1984). Where plaintiff's ability to perform work-related activities is limited by non-exertional limitations, the Commissioner can discharge her burden only by the presentation of vocational evidence. *Hall v. Harris*, 658 F.2d 260 (4th Cir. 1981); *McLain v. Schweiker*, 715 F.2d 866 (4th Cir. 1983); *Coffman v. Bowen*, 829 F.2d 514 (4th Cir. 1987).

The Commissioner is charged with making the initial evaluation of the medical evidence, assessing symptoms, signs and findings, and, in the end, determining the functional capacity of the claimant. 20 C.F.R. §§ 404.1527-404.1545; *Hays v. Sullivan*, 907 F.2d 1453 (1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The court should not substitute its judgment for that of the Commissioner in the matters, but must determine whether there is substantial evidence to support her conclusions. On the other hand, it is axiomatic that courts may remand a case to the Commissioner for the further development of the evidence where "good cause" has been shown. 42 U.S.C. § 405(g). What constitutes "good cause" draws beyond the boundaries of the substantive merits of the claim as presented in the record and is not constrained by whether the Commissioner's decision might have been supported by substantial evidence at the time of judicial review. *Walker v. Harris*, 642 F.2d 712, 714 (4th Cir. 1981). Failure to provide "a full and fair hearing... and the failure to have such a hearing may constitute good cause sufficient to remand to the [Commissioner] under 42 U.S.C. § 405(g) for the taking of additional evidence." *Sims v. Harris*, 631 F.2d 26, 27 (4th Cir. 1980).

3

The primary issue here is whether the Commissioner carried her burden at the final level of the sequential evaluation. No vocational evidence was adduced, and, concluding that no non-exertional limitations were present, the Law Judge applied the grids to compel a determination that plaintiff was not disabled. The evidence, however, reveals that plaintiff has suffered non-exertional limitations on her work-related abilities. For example, plaintiff was treated by Dr. Alan Rose for the pain she experienced. (R. 115-123.) His records demonstrate that plaintiff suffers limitations on her ability to function because of pain that is aggravated by movements required by even sedentary work, such as reaching or kneeling. (R. 116.) If symptoms such as pain limit plaintiff's ability, the Law Judge is not to "directly apply the rules in appendix 2 unless there is a rule that directs a conclusion that [plaintiff] is disabled based on [plaintiff's] strength limitations; otherwise the rules provide a framework to guide our decision." 20 C.F.R. §404.1569a.. The Law Judge found that plaintiff suffers constant pain in her right upper extremity, caused by injury to her cervical spine, which is an impairment that is likely causes pain regardless of exertion and limits plaintiff's functional ability. (R. 20-21.) The Law Judge's finding is amply supported by the record, citing the opinions of multiple physicians, including that of the Administration-requested examiner, that plaintiff had injury of the cervical spine and limited range of motion (R. 70, 71, 78, 81, 104, 108, 125.) The Law Judge described plaintiff as experiencing "severe neck pain" and found that her impairment could limit the sedentary jobs she would be able to perform. (R. 20, 21.) Such non-exertional pain, combined with the finding that plaintiff would be unable to perform a full range of sedentary activities, is sufficient to require

4

vocational testimony to establish that there is gainful work available to her in significant numbers in the national economy. *Hall v. Harris*, 658 F.2d 260 (4th Cir. 1981); *Grant v. Schweiker*, 622 F.2d 189 (4th Cir. 1983); *McLain v. Schweiker*, 715 F.2d 866 (4th Cir. 1983); *Coffman v. Bowen*, 829 F.2d 514 (4th Cir. 1987).

The Law Judge found plaintiff's own assertions of her limitations, particularly non-exertional pain, were not entirely credible, due in great part to her daily activities. (R. 20, 21.) While the Commissioner certainly has regulatory authority to consider a claimant's daily activities in evaluating a claimant's subjective symptoms, including pain, and their effect on the claimant's ability to perform work-related activities, that authority is not boundless. See, e.g. 20 C.F.R. §§ 404.1529(3)(i) and 416.929(3)(i); *Gross v. Heckler*, 785 F. 2d 1163 (4th Cir. 1986). Daily activities must be vocationally relevant in that they must reveal an ability to perform work-related activity within the constraints and demands of the workplace. *See Miller v. Bowen*, 877 F.2d 60, 1989 WL 64121 (4th Cir. 1989)(UP). Here, there is such an attenuation between plaintiff's daily activities and a vocational setting that, with no other substantial evidence in the record to support the Commissioner's decision, her daily activities cannot be a reason to discount her credibility and thus support the conclusion that she suffers such insignificant non-exertional pain as to consider her able to work. Most certainly, they do not provide a basis on which to discount the evidence offered by plaintiff's treating physician that she is disabled and unable to perform the minimum requirements of sedentary work.

While the undersigned expresses no view on whether jobs are available to a person with

5

plaintiff's maladies and their limitations, it does appear that the Law Judge and Commissioner erred in failing to fully and fairly address the non-exertional elements of the plaintiff's claim, including the necessity for vocational evidence. Accordingly, it is RECOMMENDED that an Order enter REVERSING the Commissioner's final decision, but REMANDING the case for further proceedings at the final sequential level. The order of remand should direct that in the event the Commissioner is unable to grant benefits on the current record, she is to forthwith recommit the case to a Law Judge to conduct supplemental evidentiary proceedings in which vocational evidence is to be taken and in which both sides may introduce additional evidence.

The Clerk is directed to immediately transmit the record in this case to the presiding District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: /s/ _____
U.S. Magistrate Judge

June 13, 2005
Date

6

Case 4:04-cv-00062-JLK-BWC   Document 8   Filed 06/13/05   Page 6 of 6   Pageid#: 18